## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHANE W. WORTMAN AND NICOLE T. WORTMAN,<br><br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORPORATION; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No.:18-cv-05096 |

### DEFENDANT AMERICAN HONDA FINANCE CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, AMERICAN HONDA FINANCE CORPORATION ("Defendant"), by its undersigned attorneys, states as follows for its Answer to Plaintiffs' First Amended Complaint:

### NATURE OF THE ACTION

1.      This action seeks compensatory, statutory, and punitive damages, costs and reasonable attorneys' fees for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"); 15 U.S.C. § 1681 *et seq*.

**ANSWER:    Defendant admits that Plaintiffs seeks compensatory, statutory, and punitive damages, costs and reasonable attorneys' fees for alleged violations of the Fair Credit Reporting Act, but denies that it has committed any violations and further denies that Plaintiff is entitled to any relief whatsoever.**

1

2581840v.1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) under 15 U.S.C. § 1681p with respect to Plaintiffs' FCRA claims.

**ANSWER:     Admitted.**

3.      Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

**ANSWER:     Admitted.**

## PARTIES

4.      SHANE W. WORTMAN AND NICOLE T. WORTMAN ("*Shane*" individually, "Nicole" individually, "Plaintiffs" collectively) are natural persons, who at all times relevant resided in this judicial district.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

5.      Plaintiffs are "consumers" as defined by 15 U.S.C. §§ 1681a(b) and (c).

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

6.      Plaintiffs are "persons" as defined by 15 U.S.C. § 1681a(b).

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

7.      AMERICAN HONDA FINANCE CORPORATION ("AHFC") is a foreign corporation with its principal place of business in Torrance, California.

**ANSWER:     Admitted.**

8.      AHFC is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

**ANSWER:     Admitted.**

2581840v.1

9.     EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

10.     Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**     **Admitted.**

11.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

**ANSWER:**     **Admitted.**

12.     EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a foreign corporation with its principal place of business in Costa Mesa, California.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.**

13.     Experian is a "consumer reporting agency" as defined by 15 U. S.C. § 1681a(f).

**ANSWER:**     **Admitted.**

14.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

**ANSWER:**     **Admitted.**

## FACTUAL ALLEGATIONS

15.     On November 4, 2016, Plaintiffs executed a Closed-End Motor Vehicle Lease Agreement (the "Agreement") in favor of Acura Financial Services.

**ANSWER:**     **Admitted.**

16.     Acura Financial Services is a DBA of AHFC.

**ANSWER:**     **Admitted.**

3

17.     The Agreement secured the lease of Plaintiffs' 2017 Acura MDX (the "Vehicle") for $34,415.85.

**ANSWER:     Defendant admits only that the agreement provided for the lease of Plaintiffs' 2017 Acura MDX (the "Vehicle"). Defendant denies that the Agreement provided for the lease of the Vehicle for $34,415.85.**

18.     On November 30, 2016, Plaintiffs initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

**ANSWER:     Admitted.**

19.     Notice of Plaintiffs' bankruptcy case was sent to AHFC at P.O. Box 168088, Irving, Texas 75016-8088 by electronic transmission on December 17, 2016.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph but admits that it was aware by December 5, 2016 of Plaintiff's bankruptcy.**

20.     Notice of Plaintiffs' bankruptcy case was sent to AHFC at 2080 Cabot Boulevard West, Lockbox #7829, Langhorne, Pennsylvania 19047 by electronic transmission on December 2, 2016.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph, but admits that it was aware by December 5, 2016 of Plaintiff's bankruptcy filing.**

21.     The schedules filed by Plaintiffs listed AHFC on Schedule G:  Executory Contracts and Unexpired Leases.

**ANSWER:     Defendant admits that the schedules filed by Plaintiffs listed Acura Financial Services on Schedule G: Executory Contracts and Unexpired Leases.**

4

2581840v.1

22.     On December 16, 2016, AHFC filed a proof of claim.  In its proof of claim, AHFC stated that it held a secured claim for $59,559.82.

**ANSWER:     Admitted.**

23.     Plaintiffs' Chapter 13 Plan (the "Confirmed Plan") was confirmed on January 20, 2017.

**ANSWER:     Admitted.**

24.     The Confirmed Plan did not provide for payment to AHFC.

**ANSWER:     Defendant admits that Plaintiffs assumed all unexpired leases and executory contracts listed in Section G of the Confirmed Plan, including the contract with Acura Financial Services, listed in Schedule G of the Confirmed Plan.**

25.     During the course of their chapter 13 bankruptcy case, Plaintiffs paid all of the required plan payments to the Trustee, as well as all required postpetition payments to AHFC.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

26.     Plaintiffs received their chapter 13 discharge on September 11, 2017.

**ANSWER:     Admitted.**

27.     AHFC's debt was excepted from discharge.

**ANSWER:     Defendant admits that Plaintiffs assumed all unexpired leases and executory contracts listed in Section G of the Confirmed Plan, including the contract with Acura Financial Services, listed in Schedule G of the Confirmed Plan.**

28.     On March 16, 2018, Plaintiffs obtained their 3-Bureau Credit Reports.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

2581840v.1

29.     Plaintiffs discovered that AHFC wrongly reported Plaintiffs' status as "Closed" to Equifax and Experian.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

30.     Plaintiffs discovered that AHFC wrongly reported Plaintiffs' status as "Included in Chapter 13" or "Discharged through Bankruptcy Chapter 13" to Equifax and Experian.

**ANSWER:     Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

31.     Plaintiffs discovered that AHFC failed to report Plaintiffs' timely payment history to Equifax and Experian.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

32.     On March 16, 2018, Plaintiffs mailed dispute letter(s) ("Dispute #1") to Equifax and Experian informing them that AHFC was not "closed" and was not "included in chapter 13."

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

33.     Plaintiffs requested that Equifax and Experian investigate and correct AHFC's suppression of timely monthly payments.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

34.     On April 7, 2018, Equifax mailed Plaintiffs investigation results without change to AHFC's trade line.

6

2581840v.1

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

35.     On April 16, 2018, Experian mailed Plaintiffs investigation results without change to AHFC's trade line.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

36.     On May 11, 2018, Plaintiffs mailed dispute letter(s) ("Dispute #2") to Equifax and Experian informing them that AHFC was not "closed" and was not "included in chapter 13."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

37.     Plaintiffs requested that Equifax and Experian investigate and correct AHFC's suppression of timely monthly payments.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

38.     On June 6, 2018, Equifax mailed Plaintiffs investigation results without change to AHFC's trade line.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

39.     On June 11, 2018, Experian mailed Plaintiffs investigation results without change to AHFC's trade line.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

***Impact of ABFC's inaccurate furnishing of information to Equifax and Experian and Equifax and Experian's inaccurate reporting of Plaintiffs' AHFC trade line***

7

40.     To date, Equifax and Experian's inaccurate reporting of Plaintiffs' AHFC trade line continues to paint a false and damaging picture of Plaintiffs by adversely affecting Plaintiffs' account balance/credit amount ratio, and by failing to demonstrate Plaintiffs' timely monthly payment history.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

41.     This entire experience has imposed distrust, distress, embarrassment and frustration on Plaintiffs.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

42.     Plaintiffs feel helpless to regain control of their credit standing and creditworthiness.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

43.     This entire experience has resulted in expenditure of considerable time, anxiety and mental anguish.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

**CLAIMS FOR RELIEF**

**Count I:**
**AHFC's violation(s) of 15 U.S.C. § 1681 *et seq*.**

44.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

8

**ANSWER:** **All paragraphs of this Answer are expressly adopted and incorporated herein as though fully set forth herein.**

45.    The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**ANSWER:** **Admitted.**

**A.     AHFC's failure to conduct an investigation**

46.    15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

> (A)    Conduct an investigation with respect to the disputed information;
>
> (B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);
>
> (C)    Report the results of the investigation to the consumer reporting agency;
>
> (D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
>
> > (i)     Modify that item of information;
> >
> > (ii)    Delete that item of information; or
> >
> > (iii)   Permanently block the reporting of that item of information.

**ANSWER:** **Defendant denies that this paragraph recites the language of 15 U.S.C. § 1681s-2(b)(1) verbatim.**

9

47.     Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), AHFC received Plaintiffs' dispute letter(s) from Equifax and Experian.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that dispute letters were received by it, but it admits that it did receive notice of disputes from Equifax and Experian.**

48.     AHFC violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

**ANSWER:     Denied.**

49.     AHFC violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax and Experian.

**ANSWER:     Denied.**

50.     Had AHFC conducted a reasonable investigation to determine whether the disputed information was inaccurate, AHFC would have discovered that AHFC was not included in Plaintiffs' Chapter 13 bankruptcy case, and promptly modified those items, of information, deleted those items of information or permanently blocked the reporting of that item of information.

**ANSWER:     Denied.**

51.     AHFC violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax and Experian.

**ANSWER:     Denied.**

52.     AHFC violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

**ANSWER:     Denied.**

2581840v.1

53.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

      (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER:**    **Defendant denies that this paragraph recites the language of 15 U.S.C. § 1681n verbatim.**

54.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER: Defendant admits that this paragraph accurately recites the language of 15 U.S.C. § 1681o(a).**

55.     AHFC's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiffs, and the injuries suffered by Plaintiffs are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**ANSWER:**    **Denied.**

11

**Count II**
**Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.***

**Defendant makes no response to Count II as Count II is not directed at Defendant. To the extent that Count II can be construed as imposing liability onto Defendant, Defendant denies said allegations.**

**Count III**
**Experian's violation(s) of 15 U.S.C. § 1681 *et seq.***

**Defendant makes no response to Count III as Count III is not directed at Defendant. To the extent that Count III can be construed as imposing liability onto Defendant, Defendant denies said allegations.**

AMERICAN      HONDA      FINANCE
CORPORATION

By:\_\_\_/s/Alexander L. Reich_____
One of Its Attorneys

David M. Holmes
Alexander L. Reich
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5016
312.704.0550 p | 312.704.1522 f
david.holmes@wilsonelser.com
alexander.reich@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2018, I filed electronically the above-referenced pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all parties of record.

_____/s/ Alexander L. Reich_____

12

2581840v.1